**MILLER, Admrx. v SCHNEIDER et**

Ohio Appeals, 5th Dist, Stark Co

No 1991. Decided Oct 16, 1941

Amerman, Mills, Mills, Jones & Mansfield, Canton, for plaintiff-appellee.

Lynch, Day, Pontius & Lynch, Canton, for defendant-appellant, Beatrice P. Schneider.

Oscar M. Abt, Canton, and Harry W. Schmuck., Canton, for defendant-appellant, Ross Independent Oil Co.

**OPINION**

By LEMERT, PJ.

This was an action brought to recover for the death of the plaintiff's decedent, a man sixty-eight years of age, who met his death on the night of November 1, 1939, while riding in a buckboard buggy on Ohio State Route No. 43, at a point some distance southeast of Canton, Ohio. Also involved in the accident and proceeding in the same direction as the buggy was the passenger car operated by Mrs. Beatrice Schneider and a large truck and trailer outfit of the Ross Independent Oil Company. The two parties were named defendants in the action.

During the trial of this case, which lasted for several days, the defendants made proper motions for directed verdicts at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence. These motions were overruled and exceptions saved.

For a proper consideration of this case we are confronted with §12614-3 GC.

"It shall be the duty of every person who operates, drives, or has upon any public street, avenue, highway, street or bridge a vehicle on wheels during the time from one hour after sunset to one hour before sunrise, to have attached thereto a light or lights the rays of which shall be visible at

least 200 feet from the front and 200 feet from the rear."

This cause was submitted to a jury which having considered the case were unable to agree upon a verdict and were discharged.

This appeal is on questions of law and it is the contention of the defendants that the decedent's negligence proximately contributed to the cause of his death.

It is to be observed at the outset that this appeal is from the refusal of the trial court to direct a verdict in favor of defendants and therefore the defendants are asking the court to find, **as a matter of law**, that they were not guilty of negligence or that plaintiff's decedent was guilty of contributory negligence which proximately caused the accident.

It is the contention of appellants that the decedent violated §12614-3, hereinbefore quoted. We find on Page 21 of the record that the decedent had a lantern that was lit, and that on Page 30 of the record that he was holding the lantern in his left hand. Then on Pages 31 and 32 of the record, a witness. Benjamin Roush, testified in part, as follows:

"Q. At the time you saw this buggy, you know how many feet it was?

A. About 500 feet, I would say, from the brick.

Q. 500 feet from that brick road?

A. Yes.

Q. Now how far back was he?

A. I couldn't say; I didn't pay that much attention; I couldn't say.

Q. Now, you say it was an open buggy, you mean it had no top?

A. It had no top; I wouldn't say it didn't have any top, because I seen it next day and it had no top.

Q. It had a rear high back seat?

A. I can't tell you whether it had a high back.

Q. All you know, you were approaching this buggy from the front?

A. Yes.

Q. You say this man had a lantern in his hand?

A. In his left hand.

Q. In his left hand?

A. Yes, sir.

Q. Did he hold it straight out?

A. No; he was hanging it down, then raised it up; as I came along he raised it up, then I took notice he had the lantern in his hand; he moved the lantern up a little bit by his hand; I took notice he had it in his hand.

Q. You noticed it in his hand at the time you saw it?

A. It wasn't first, I am almost sure of that, because he raised it up level with the top of the seat, that is level with the seat, like this, not the back, but this—well he had it on the outside of the buggy."

There is ample and sufficient evidence in the record that this lantern was lit and was visible to persons approaching from both the front and rear for a distance of at least 200 feet.

The record in this case does not reveal any contributory negligence on the part of plaintiff's decedent which would be said to have proximately contributed to his death. Construing the evidence most favorably to plaintiff (as we must, since defendants are complaining of the court's refusal to direct a verdict in their favor,) we find evidence that there was a light on the buggy visible to cars approaching from the rear.

To follow defendant's theory of this case, before reaching the question of proximate cause we would have to disregard completely the testimony with reference to lights on the buggy and hold **as a matter of law** that plaintiff's decedent was guilty of contributory negligence. It is obvious to us that since plaintiff's testimony shows the light or lantern to have been visible from the rear, whether it was attached or held in decedent's hand makes no difference, as a matter of law, on the issue of proximate cause.

In this case the record discloses that the car of the defendant Schneider hit the buggy; that the truck came through the point of collision within two seconds thereafter; that decedent's body was lying on the road and had

not been moved when Deputy Sheriffs Aston and Lower arrived. This is the testimony of the only eye witness to the accident. The Deputy Sheriffs found the skid marks from the truck passing over to the point where decedent's head lay, his head being crushed at the point of contact with the skid marks. The evidence is clear that defendant Ross' truck ran over the decedent and crushed his head. The record clearly shows that the defendant Schneider threw the decedent in the path of defendant Ross' truck, which killed him.

Whether or not plaintiff's decedent was negligent and the question of whether his negligence proximately contributed to his death was properly left to the jury. We find no error in this record and the judgment is affirmed.

MONTGOMERY, J. and SHERICK, J., concur.